UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-21846-BLOOM/Otazo-Reyes

PHILIP JAYAKUMAR,

    Plaintiff,

v.

PAULINA OSINKOWSKA,

    Defendant.

_____/

### ORDER ON MOTION FOR LEAVE TO EFFECTUATE SUBSTITUTE SERVICE

**THIS CAUSE** is before the Court upon Plaintiff Philip Jayakumar's Motion for Leave to Effectuate Substitute Service of Process and an Extension of Time to Serve Process, ECF No. [7] ("Motion"), filed on August 15, 2023. Therein, Plaintiff explains that his process server has been unable to personally serve Defendant Paulina Osinkowska. ECF No. [7] at 2. Plaintiff requests (a) permission to serve Defendant via a "personal mailbox" pursuant to Fla. Stat. § 48.031(6)(a), and (b) an extension of time to serve Defendant.

Federal Rule of Civil Procedure 4(e)(1) permits service on an individual to be completed in accordance with "state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" Fed. R. Civ. P. 4(e)(1). Plaintiff requests leave to serve Defendant pursuant to Fla. Stat. § 48.031(6)(a), which provides as follows:

> If the only address for a person to be served which is discoverable through public records is a private mailbox, a virtual office, or an executive office or mini suite, substituted service may be made by leaving a copy of the process with the person in charge of the private mailbox, virtual office, or executive office or mini suite, but only if the process server determines that the person to be served maintains a mailbox, a virtual office, or an executive office or mini suite at that location.

*Id.* Plaintiff "requests permission to effectuate and perfect substitute service of process by serving a copy of the summons, civil action cover sheet, and Complaint (w/ exhibits)" to a private residence where Defendant receives mail but does not reside. ECF No. [7] at 4. He asserts that service is appropriate pursuant to Fla. Stat. § 48.031(6)(a) because the residence has a "private mailbox" and Plaintiff's process server has been unable to find an alternate address associated with Defendant.

Plaintiff's argument is plausible, but Plaintiff has directed the Court to no Florida authority establishing that § 48.031(6)(a) is appropriate in these circumstances. In the only case cited by Plaintiff, *Clauro Enters., Inc. v. Aragon Galiano Holdings, LLC*, 16 So.3d 1009, 1012 (Fla. 3d DCA 2009), the "private mailbox" was a mailbox maintained at a UPS store. *Id.* at 1011. Based on the Court's research, Florida courts have expressed uncertainty regarding the meaning of "private mailbox" within the context of Fla. Stat. § 48.031(6)(a) and verified only that the term "includes a private mailbox service provided by a commercial mail receiving agency such as the UPS store[.]" *TID Servs, Inc. v. Dass*, 65 So. 3d 1, 6 (Fla. 2d DCA 2010). That is not the present situation.

However, Fla. Stat. § 48.031(6)(a) does not require a party to seek leave of court prior to effectuating substitute service. "[A] party is not required to seek leave from the Court before obtaining substitute service." *Nova Cas. Co. v. Just Beach Inn, LLC*, No. 13-60911-CIV, 2013 WL 12086664, at *2 (S.D. Fla. June 27, 2013); *see also Gonzalez v. Solin*, No. 8:22-CV-1091-CEH-JSS, 2023 WL 3500999, at *2 (M.D. Fla. May 17, 2023) (reminding a plaintiff "that she may not need to seek leave of court prior to effectuating" service pursuant to Florida statute). If Plaintiff believes that Fla. Stat. § 48.031(6)(a) applies to these circumstances, he is free to effect service accordingly. Of course, Defendant will have an opportunity to argue that service was improper. The Court will not issue an advisory opinion at this time declaring the meaning of "private mailbox" within Fla. Stat. § 48.031(6)(a).

Case No. 23-cv-21846-BLOOM/Otazo-Reyes

Turning to Plaintiff's second request, Plaintiff has shown diligence in attempting to serve Defendant such that an extension of time is appropriate under Rule 4(m). However, Plaintiff has provided no explanation as to why he requires an additional *ninety* days to serve Defendant. Thirty days will suffice.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion, **ECF No. [7]**, is **GRANTED IN PART AND DENIED IN PART**.

2. Plaintiff's request for leave to effectuate substitute service is denied because no such leave is required.

3. Plaintiff's deadline to effectuate service on Defendant is extended to **September 14, 2023**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on August 16, 2023.

_____
BETH BLOOM
UNITED STATES DISTRICT JUDGE

Copies to:

Counsel of Record